

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer P. Rainey, President
The University of Texas
Austin, Texas

Dear Sir:

Opinion No. O-3920
Re: The conversion of full-time
positions into half- or part-
time positions under H. B. No.
272, Acts 47th Leg., the Appro-
priation Bill for Educational
Institutions of Higher Learning

We have very carefully considered your comprehensive letter requesting a legal opinion from this department upon the question stated by you as follows:

"If effective work and good administration require it, may an individual salary item listed in the Educational Appropriation Bill for a particular position be converted into two half-time positions, or two or more part-time positions; and individuals appointed thereto, the total sum to be expended, of course, not to exceed the total amount appropriated for the particular position?"

In substance you ask whether the practice of making substitutions and changes within the totals appropriated for salaries—a practice long engaged in by state institutions of higher learning—has been overruled by Opinion O-1006 of this department construing the rider to the General Departmental Appropriation Bill passed at the Regular Session of the 46th Legislature.

We think not. Long prior to 1929 it was the practice of state institutions of higher learning to change and substitute within the salary items in keeping with the needs of the various institutions. In 1929 such practice was given legislative sanction in the rider to Senate Bill 6, 41st Legislature, 3rd C. S., Biennial Appropriations for State Educational Institutions, in the following language:

"Provided the Board of Regents shall be authorized to made such changes and substitutions within the totals for salaries as may be found necessary, the total sum not to exceed the total amounts appropriated for such purposes."

Substantially the same provision was carried in the riders to the Biennial Appropriations for Educational Institutions by the Forty-second and Forty-third Legislatures.

In 1935 the Regular Session, Forty-fourth Legislature, S. B. 36, in the rider provided as follows:

"(a) Full time employees on twelve (12) months basis may receive not more than Two Hundred Fifty ($250.00) Dollars for correspondence course and/or extension center teaching, and may not be paid additional money for summer school teaching, and full time employees on a nine (9) months basis may be paid for correspondence and/or extension center teaching or summer school or other services during the remaining three (3) months of the fiscal year, but may not receive more than Two Hundred Fifty ($250.00) Dollars per annum for correspondence course teaching during the fiscal year and/or extension center work during the regular nine (9) months session. Such employees as are on a nine (9) months basis of employment, whose services are continued in summer school work, shall be paid on a monthly basis not to exceed the amount paid for the same or similar services during the long session next preceding.

"(b) The Board of Regents and/or the heads of the various institutions and agencies shall not raise the salary of any position to an amount larger than that itemized herein except as otherwise provided for herein. The Boards of Regents or Directors within their discretion and for good reason, may pay smaller salaries than those itemized herein. The Governing Boards of each of the several institutions, within forty-five (45) days after the close of each fiscal year of the biennium shall file with the Board of Control and Governor an itemized schedule of salaries paid to all employees, including therein a list of the names of all persons employed in any capacity by such institutions, who are paid for services during the fiscal year a total in excess of One Thousand ($1,000.00) Dollars out of any funds from any source or of any character under the control of the governing board and the name of each employee shall be accompanied by the total of the payments from any sources made to said employee at any time during the twelve months of the fiscal year, which reports shall be subject to public inspection."

Substantially the same provisions have been carried forward in the riders to the Biennial Appropriations for Educational Institution by all succeeding legislatures, the Forty-fifth, Forty-sixth and Forty-seventh Legislatures, and the state educational institutions have continued to adjust employment to the needs of the various departments within such institutions.

With respect to the payment of two or more persons from a specific item of appropriation, in Opinion O-1584 of this department it was held as follows:

"We believe that this question must be answered in view of the facts relating to the proper discharge of the duties of your office and also in view of the manner in which your office has been operated in the past. We believe that it is proper to presume that the Legislature intended to permit your office to be operated in the most efficient manner possible, within the limitations of the appropriations made, and that the Legislature had in mind the manner in which your office had been operated in the past.

. . .

"In our opinion the appropriation quoted above, providing for the hiring of auditors by your Department on a "Seasonal basis," permits the employment and the payment of more than one person under each of the items in said appropriation, provided that the total amount paid under each such appropriation item does not exceed the total stated therein, and further provided that the amount paid to each person so employed shall not exceed the rate of payment stated in said item. In our opinion the Legislature intended that your office should be operated in the most efficient manner possible within the limitations of the appropriations made for each item, and the Legislature had in mind the manner in which your Department had been operated in the past."

With respect to state departments and boards, long prior to 1927 without specific legislative authorization and after 1927 with specific authorization by the Fortieth, Forty-first, Forty-second, Forty-third, Forty-fourth, and Forty-fifth Legislatures such departments and boards used part-time employees. Acts 40th Leg., 1st C. S., p. 306; Acts 41st Leg., 3rd C. S., p. 454; Acts 42nd Leg., R. S., p. 730; Acts 43rd Leg., R. S., p. 510; Acts 44th Leg., R. S., p. 1157; Acts 45th Leg., R. S., p. 1489. Pursuant to changes made in the General Departmental Appropriation Bill by the Forty-sixth Legislature, this department in Opinion O-1006 ruled that part-time employment by state departments and boards was not allowed except where specifically authorized. In 1941, however, the Forty-seventh Legislature approved its former policy and again authorized the employment of part-time employees in state departments and boards.

Absent clear language indicating a contrary legislative intent, we do not believe that the fact that the legislature for one biennium adopted a policy with respect to state departments and boards opposed to part-time employment should be the basis for upsetting the long recognized and well established practice of the state institutions of higher learning.

We respectfully answer your question in the affirmative.

Yours very truly

APPROVED SEPT. 20, 1941

ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

By

FIRST ASSISTANT
ATTORNEY GENERAL

/s/ Grover Sellers
First Assistant

GS:VG

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE